IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID GLEN JOHNSON, | § | |
|     *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No. H-07-1243 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

David Glen Johnson, a state inmate represented by counsel, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction. Pending before the Court are respondent's motion to dismiss the habeas petition as a "mixed" petition of exhausted and unexhausted claims (Docket Entry No. 9), and petitioner's response in opposition (Docket Entry No. 12). The Court **DENIES** the motion to dismiss for the reasons shown below.

### I. Background and Claims

Petitioner's sole ground for habeas relief in the instant case is as follows: "Ineffective Assistance of Counsel – counsel was ineffective for failing to investigate witnesses and failing to attempt to obtain a transcript or partial transcript of [the mistrial]." (Docket Entry No. 1, p. 3.) It is this latter sub-issue – counsel's failure to obtain the mistrial transcript – that gives rise to this motion to dismiss. Respondent argues that petitioner presented this sub-issue to the state court of appeals, but failed to pursue it on discretionary review to the Texas Court of Criminal Appeals. Respondent contends that, as a result, the sub-issue is

unexhausted and this "mixed" petition must be dismissed under *Rose v. Lundy*, 455 U.S. 509, 522 (1982) and *Jones v. Estelle*, 722 F.2d 159, 168 (5th Cir. 1983).

Petitioner argues that he clearly raised the disputed sub-issue in his petition for discretionary review ("PDR") under "Summary of the Argument," as follows:

> Appellant claims that trial counsel made two critical omissions: (1) failing to investigate and present an alibi defense, and (2) failing to obtain any of the transcript of the first trial.

As further support for exhaustion of the sub-issue, petitioner states that, in the "Facts Adduced on Appellant's Motion for New Trial" portion of his PDR, he set forth the following three factual references to counsel's failure to obtain the mistrial testimony:

> Mike DeGeurin testified that when there has been a prior trial the only professionally reasonable course of action would be to pursue every means of obtaining the transcript prior to retrial, including seeking a continuance.
>
> DeGuerin testified that he specifically advised that Joe Roach obtain a transcript of the cross-examination of Juan Rodriguez.
>
> However, had trial counsel merely obtained the testimony of the one alibi witness from the prior trial, the identities of twenty party guests would have come to light.

The Texas Court of Criminal Appeals refused discretionary review without a written order. *Johnson v. State*, PD-1107-05.

## II. Applicable Law

A state prisoner must present his habeas claims to the state court and exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). The exhaustion

requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court, either through direct appeal or state habeas proceedings. *Haynes v. Quarterman*, 561 F.3d 535, 538 (5th Cir. 2009); *Goodrum v. Quarterman*, 547 F.3d 249, 256 (5th Cir. 2008). This requirement is not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003). A habeas applicant need not, however, "spell out each syllable of the claim" before the state court to satisfy the exhaustion requirement. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). A petitioner fulfills the exhaustion requirement regarding his factual claims if all crucial factual allegations were before the state courts at the time they ruled on the merits. *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008); *Kunkle v. Dretke*, 352 F.3d 980, 986-90 (5th Cir. 2003).

### III. Analysis

Contrary to petitioner's arguments, it is anything but clear that he fairly presented the disputed sub-issue to the Texas Court of Criminal Appeals in his PDR. Under "Question Presented for Review" in the PDR, petitioner stated only one, well-circumscribed issue: "Did the court of appeals err in finding sound trial strategy where counsel failed to interview many alibi witnesses?" (PDR, p. ii.) No issue was specified regarding counsel's failure to obtain the mistrial transcript. Further, in the lengthy "Arguments and Authorities" portion of his PDR, petitioner made no reference to counsel's failure to obtain the mistrial transcript or to any harm resulting from an inability to impeach witnesses with prior testimony. To the

contrary, substantially all of petitioner's arguments in his PDR focused on the issue of counsel's failure to investigate alibi witnesses; the only reference to the disputed sub-issue briefly appeared in the "Summary of the Argument," as quoted above.

Respondent's motion is persuasive, but a straight-forward resolution of the exhaustion question is thwarted by the imprecision of the PDR itself. It is this very imprecision that prevents the Court from concluding that petitioner's sub-issue was not fairly presented to the Texas Court of Criminal Appeals. Although petitioner's singular "Question Presented for Review" in the PDR made no mention of counsel's failure to obtain the mistrial transcript, his later "Summary of the Argument" did, albeit in a perfunctory manner. Moreover, the same basic factual allegations regarding the mistrial transcript appear in both petitioner's appellate court briefing and his PDR. Simply put, this Court is not in a position to determine whether, in refusing discretionary review, the Texas Court of Criminal Appeals relied on the limited "Question Presented for Review" or on the more expansive "Summary of the Argument." In the interest of justice, the Court will deny the motion to dismiss and allow this case to proceed on the issues raised in petitioner's federal habeas petition.

### IV. Conclusion

Accordingly, the motion to dismiss (Docket Entry No. 9) is **DENIED**. Respondent is **ORDERED** to file a motion for summary judgment on the merits of petitioner's claims by **SEPTEMBER 18, 2009**. Petitioner is **ORDERED** to file a response to the motion for summary judgment within twenty days after service of the motion.

This is an interlocutory order.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 27th day of July, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE